UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

UNITED STATES OF AMERICA,

    Plaintiff,

- against -

$47,758.00 in U.S. Currency,

    Defendant.

----------------------------------X

Civil No. ELH13CV2572

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Christen Sproule, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2. The defendant is $47,758.00 in U.S. Currency.

3. The defendant property was seized from John Pedemonti during a traffic stop in Baltimore, MD on April 30, 2013.

### JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

5.. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because is was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Task Force Officer George Vigue of the Drug Enforcement Administration which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the

2

defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:   September 3, 2013

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by a DEA Task Force Officer, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Stefan D. Cassella
Assistant U.S. Attorney

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $47,758.00 in United States Currency.

I, George Vigue, task force officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $47,758 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a.   On April 30, 2013, at approximately 1:04 P.M., P/O Day of the MdTAP was working in a uniform capacity in the area of I-95 south, mm 66.7, Baltimore, MD 21224. At this time he initiated a traffic stop for a speed violation. The vehicle, a 2002 Infinit 4dr, bearing VA registration JLP 9235, was being operated by PEDEMONTI, John, with PEDEMONTI, Lori in the passenger seat.

b.   Once the vehicle was stopped, P/O Day spoke with PEDEMONTI, John. PEDEMONTI, John was extremely nervous, and advised that he was returning to Virginia from Atlantic City, NJ. As P/O Day spoke with the driver, PEDEMONTI, John became more agitated, and advised there were no narcotics in the vehicle. P/O Day then spoke with PEDEMONTI, Lori, who stated "There is nothing illegal in the vehicle that I'm aware of."

c. P/O Day requested the assistance of drug detection canine, and P/O Young responded with his canine partner "Luca". "Luca" scanned the exterior of the vehicle and rendered a positive alert for the presence of the odor of CDS. A probable cause search of the vehicle was conducted, and investigators recovered a blue cooler from the passenger compartment which contained a large amount of U.S currency (N-1). Upon searching the trunk area, the officers recovered a bag which contained the following items: (1) Ziplock bag containing a brown substance suspected heroin with an approximate weight of less than (1) grams, (5) Small liquid saturated paper tabs suspected LSD, (3) Ziplock bags containing a white substance suspected cocaine with an approximate weight of (5) grams, (21) Small pills suspected Oxycodone and (18) Small pills suspected MDMA. Both PEDEMONTI, John and PEDEMONTI, Lori were arrested.

d. The seized property, along with the defendants, were transported to the MdTAP station, where investigators requested the assistance of Group 56 to assist in the investigation. TFO Vigue responded and attempted to interview the defendants. Upon speaking with PEDEMONTI, John, he admitted ownership of the currency, but declined to provide any information on its origins. When asked about the CDS, PEDEMONTI, John requested an attorney and no further questions were asked. TFO Vigue spoke with PEDEMONTI, Lori, and she advised the funds belonged to PEDEMONTI, John, but refused to answer any further questions. P/O Young and "Luca" also scanned the seized funds and rendered a positive alert for the odor of CDS.

e. PEDEMONTI, Lori and PEDEMONTI, John have criminal histories which include felony and misdemeanor drug arrests in Virginia, and PEDEMONTI, John also has arrests in

Connecticut. Based on the amount and manner the currency was packaged, along with the criminal history and the presence of CDS in the vehicle, and the positive alert by the canine, TFO Vigue believed the funds were the result of drug activity, and agreed to begin federal forfeiture proceedings under 21 USC 881.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND TRANSPORTATION AUTHORITY POLICE, IN REFERENCE TO THE SEIZURE OF $47,758.00 U.S. CURRENCY FROM JOHN PEDEMONTI ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
George C Vigue
Task Force Officer
Drug Enforcement Administration